# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| SAMMIE L. BOOKER-EL, | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 3:10-CV-206 |
| DR. GREGORY PUGH, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Sammie L. Booker-El on May 21, 2010. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. section 1915A.

BACKGROUND

In *Booker-El v. Pugh*, 3:10-CV-007 (N.D. Ind. filed January 5, 2010), Sammie L. Booker-El, a *pro se* prisoner, presented claims based on these same underlying facts against nine defendants. That case was dismissed because it was barred by the statute of limitation. Booker-El appealed, but he was denied leave to proceed without prepayment of the filing fee because the appeal was not taken in good faith. On March 26, 2010, the Seventh Circuit issued the mandate and dismissed the appeal.

Less than two months later, the clerk received the current complaint from Booker-El. In this case he names eight defendants, including six that were included in his prior case. Nevertheless,

the underlying facts of these two lawsuits are the same.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

Here, Booker-El explains that his prior lawsuit "was just

under the 1983 section and there weren't as many defendants. The case was dismissed due to there being a two year timeline for the filing under section 1983 alone." (Complaint at 10, DE# 1). As a result, he now attempts to present claims under three statutes: 42 U.S.C. sections 1983, 1985, and 1986. It is unclear why he is reasserting claims under section 1983, because, as Booker-El acknowledges and this Court has previously ruled, those claims are barred by the statute of limitation. Furthermore, so are the claims under sections 1985 and 1986 because they are governed by the same statute of limitation. "[I]t is apparent that any other federal civil rights claims that he might be able to state against [the defendant] are barred by the applicable two-year statute limitations." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) *citing Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 n.2 (7th Cir. 1995) ("[F]ederal civil rights actions are governed by the personal injury statute of limitations in the state where the alleged injury occurred.")

Moreover, all of these claims are also barred by the doctrine of *res judicata*. The reasserted, original claims are barred based on the final judgment in *Booker-El v. Pugh*, 3:10-CV-007 (N.D. Ind. filed January 5, 2010). Any new claims are barred because they could have been asserted in the prior lawsuit. The claims against the two new defendants are barred because the conspiracy allegation places them in privity with the other six defendants.

> Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted).

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. section 1915A.


**DATED: May 27, 2010**　　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　**United States District Court**